IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ESTHER ADAMES, et al.,

Plaintiffs

v.                                                     CIVIL 97-2740 (SEC) (JA)

BELLA VISTA HOSPITAL, et al.,

Defendants

## ORDER

On February 14, 2001, plaintiffs filed "Motion for Sanctions Against Defendant for Repeated for [sic] Failure to Comply with Court Discovery Orders." (Docket No. 54.) Essentially, plaintiffs move the court for the imposition of sanctions to strike defendants' affirmative defenses and declare defendants in default in view of their repeated failure to answer first set of interrogatories and request for production of documents and failure to comply with court orders.

Plaintiffs served defendants with the first set of interrogatories and request for production of documents on August 24, 2000. On December 21, 2000, this court held a conference at which defendants were ordered to answer outstanding interrogatories by January 18, 2001. (Docket No. 52.) Then, at the pre trial conference held on January 29, 2001, this court ordered defendants, once again, to answer outstanding interrogatories by

CIVIL 97-2740 (SEC) (JA)                    2

February 1, 2001, and also warned defendants that failure to comply would cause "a sufficiently severe sanction." (Docket No. 53.)

## ANALYSIS

Rule 37 of Federal Rules of Civil Procedure allows the court to impose sanctions on the party who fails to make disclosure or cooperate during discovery. Specifically, Rule 37(b)(2) empowers the court to issue an order including an express array of sanctions such as making evidentiary concessions or preclusions, granting default judgment or dismissal, and holding the party in contempt. In addition, the court may impose monetary sanctions consisting of reasonable expenses and attorney's fees caused by the discovery violation.

The court has broad discretion to impose the sanctions that it deems appropriate. Anderson v. Foundation for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998). However, the court may not impose sanctions under Rule 37(b)(2) unless it has already issued a discovery order with which a party has failed to comply. In re: Williams, 156 F.3d 86, 89 n.1 (1st Cir. 1998); R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 14-15 (1st Cir. 1991).

Defendants have failed to comply with the pending discovery requests and have failed to comply with two (2) court orders compelling discovery.

s/cc: Jury Adm
       Chief Deputy
       Operations Mgr.
       Courtroom Deputy (SEC)
       Court Reporter
       3/12/01

CIVIL 97-2740 (SEC) (JA)               3

A possible sanction provided by Rule 37(b)(2)(C) for failure to comply with a discovery order is to enter a dismissal or default judgment, or to strike the pleadings, claims or defenses. Puerto Rico v. S.S. Zoe Colocotroni, 628 F.2d 652, 664-65 (1st Cir. 1980).

I find such severe sanctions appropriate. Because of this order, discovery is deemed to have been completed and no further discovery is allowed. The jury trial setting of July 9, 2001 is left without effect. A hearing on damages will be held on that date.

In view of the above, defendants' pleadings and defenses are stricken and default is entered.

SO ORDERED.

In San Juan, Puerto Rico, this 9th day of March, 2001.

JUSTO ARENAS
United States Magistrate Judge